Rosario Garzot Fernández et al., Plaintiffs and Appellees, *v.* Garzot & Fuertes, Inc., et al., Defendants and Appellees; and The National City Bank of New York Intervener and Appellant.

No. 7171.   Argued December 10, 1935.—Decided January 13, 1936.

*Fiddler, Córdova & McConnell* for appellant.  *Leopoldo Feliú* for defendants-appellees.   *H. G. Molina* for appellee Mrs. Aguayo de Garzot.

Mr. Chief Justice Del Toro delivered the opinion of the court.

In this suit brought, in the District Court of Humacao, by Rosario and Matilde Garzot and their husbands, F. and A. Fernández, in August 1932, the National City Bank of New York, in May 1933, filed a complaint in intervention.  Said complaint was dismissed by a judgment of February 19, 1934.  The bank took an appeal, and this Supreme Court, on February 12, 1935, affirmed the judgment appealed from.  48 P.R.R. 77.  From the decision of this court the bank appealed to the Circuit Court of Appeals for the First Circuit, and its appeal is still pending.

When the bank filed in the district court its complaint in intervention, it requested an attachment to secure the effectiveness of any judgment that might be rendered.  The attachment was ordered upon a bond which was furnished, and certain sugar was attached.  Plaintiffs then petitioned the court to annul the attachment, and the court so ordered.  Thereupon the bank appealed to this court and its appeal was dismissed.  A further appeal was then taken to said Circuit Court which was also dismissed.

At this stage, plaintiffs, on August 2, 1935, filed in the dictrict court a motion requesting that the intervener bank be ordered to deliver forthwith to them the sum of $15,000 and the sugar in its possession.

The grounds for this motion were, in short, that the bank had secured the effectiveness of any judgment that might be rendered in the intervention proceeding by attaching certain sugar which belonged to the plaintiffs, and was held by A. E. Lee, as Receiver of the United Porto Rican Sugar Company (of Porto Rico), under a contract for the grinding of cane executed between plaintiffs and said receiver; that the order of attachment was annulled and such annulment became final (firme) as a result of the dismissal of the last appeal taken by the bank to the Circuit Court; that on October 13, 1934, while the appeal from the order vacating the attachment was pending, the plaintiffs and the intervener executed an agreement whereby they authorized the Eastern Sugar Corporation, successor of Lee, to sell the attached sugar and to deliver the proceeds thereof to the intervener "who was to hold them in trust to abide the result of the suit in which the attachment had been ordered," and in which an appeal was pending, and the intervener was to pay interest at the rate of 2½ per cent per annum on the sums received; that the Eastern Sugar Corporation sold part of the sugar and delivered to the intervener the proceeds thereof amounting to $15,588.61, and still has in its possession 2,874.74 hundredweight; and that the intervener, claiming that under said agreement it is entitled to retain said amount until the suit is finally decided by the Circuit Court, refuses to deliver it to plaintiffs well knowing that it has no right to do so in view of the annulment of the attachment; wherefore prayer was made that the court enter the said order.

The bank objected and alleged that the motion did not state facts sufficient to justify the delivery of any sum; that the court lacked jurisdiction to take cognizance of the

matter, because the same did not appear from the allegations in the suit, and because in case there was a cause of action it could only be exercised by an ordinary suit and not by a motion; that on December 4, 1934, plaintiffs filed another motion in the suit requesting that the bank be ordered to deliver to them $38,000 out of the monies derived from the sale of the attached sugar, in order to reimburse them for the expenses incurred in producing the sugar, and the court so ordered on January 31, 1935, the bank taking an appeal from said order which is still pending; that as the bank has been ordered to pay a greater sum than it has received, the new order requested is not proper; that the court lacked jurisdiction to take cognizance of the matter because the same is included in the pending appeal from its order of October 13, 1934; and that, according to the contract entered into on January 31, 1935, the parties agreed that the bank would keep in its possession the proceeds of the sale of the sugar until final judgment should be rendered in relation to its complaint in intervention.

On August 30, 1935, the district court decided the question raised as follows:

". . . as the court is of the opinion that the petition of the plaintiffs is just, their aforesaid motion is sustained, and, in virtue thereof, it is ordered that the intervener bank deliver to said plaintiffs the sum of $15,588.31, which it has in its possession, as the proceeds of the sale of the sugar that was attached in this case; and that the Eastern Sugar Corporation deliver to plaintiffs the attached sugar by it retained, amounting to 2,874.74 hundredweight of said product. The clerk must issue the proper writ to the marshal for him to execute this order, in case the same is not obeyed by the intervening bank and the Eastern Sugar Corporation."

Feeling aggrieved by that decision, the bank took the present appeal which we are now considering upon a motion of the appellees to dismiss the same on the grounds that, as they claim, the order of August 30, 1935, is not appealable, and that, in any event, the appeal taken is frivolous.

342

In support of their contention that the order involved is not appealable, appellees cite the decisions of this court in *A. Gelabert & Co.* v. *Morales,* 28 P.R.R. 560; *Gandía* v. *Porto Rico Fertilizer Company,* 30 P.R.R. 243; *Ayoroa* v. *The Estate of Méndez et al.,* 13 P.R.R. 274; and *Hernáiz Targa & Co.* v. *Vivas,* 20 P.R.R. 99. They maintain that said order was one to enforce a prior order vacating an attachment which had become final (*firme*).

We would fully agree with the appellees were it not for the presence of the extraneous element mentioned in the very motion of the appellees requesting the delivery of the proceeds of the sugar and on which the appellant based its objection; but as such element exists, and was necessarily considered and covered by the order appealed from, we think that it can not be maintained that it is a new order to enforce a prior unappealable order vacating an attachment.

When the attachment was levied on the sugar, the latter was not in the possession of the bank. It came into its possession by virtue of the contract executed by the parties, wherein they expressly agreed that the bank would retain the proceeds of the sugar sold, and would pay interest thereon, until the complaint in intervention of the bank should be definitely decided; a condition which has not yet been fulfilled. That contract, that new legal relation which arose between the parties by virtue of their own acts performed subsequent to the attachment, is the extraneous element to which we have referred in the preceding paragraph, and which renders the order appealed from a special order made after final judgment in accordance with the jurisprudence established by this court in two of the cases cited by appellees themselves, to wit:

"In the case of *Ayoroa* v. *The Estate of Méndez et al.,* 13 P.R.R. 274, this court, following the doctrine laid down in the case of *Avalo Sánchez* v. *Estate of Díaz,* 9 P.R.R. 306, held that according to subdivision 3 of section 295 of the Code of Civil Procedure a *special order* is understood to be one which impairs a right in

deciding a question not at issue in the action nor decided by the final judgment, or which is in contravention of the provisions of the judgment." *Hernáiz, Targa & Co.* v. *Vivas*, 20 P.R.R. 99.

Such being the circumstances of the case at bar, the rule laid down in the *Gelabert* case, *supra,* is not applicable herein, nor does the situation involved in the *Gandía* case, *supra,* cited by the appellees, arise.

As the order of August 30, 1935, may be considered as a special order rendered after a final judgment, which character may be attributed to the order annulling the attachment, under the authorities cited by the appellant in its brief, to wit: *García* v. *The Humacao Fruit Co.*, 23 P.R.R. 230, 2 R.C.L. 29, and 9 Bancroft's Code Pleading and Remedies, 8399, sec. 6338, we must hold that, said order being appealable, a dismissal of the appeal on the first ground urged does not lie.

Nor does it lie on the second ground, because after a study of the question involved on its merits, in the light of the extensive briefs filed by the parties, we are not convinced that the appeal is clearly frivolous.

For the reasons stated the motion to dismiss the appeal must be denied.

Mr. Justice Hutchison and Mr. Justice Córdova Dávila took no part in the decision of this case.